WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Brittany Alicia Fraijo,<br><br>　　　　Defendant. | No. CR-20-00248-001-TUC-JCH (DTF)<br><br>**ORDER ON PENDING PRETRIAL MOTIONS** |

Pending before the Court are various pretrial motions. On March 24, 2022, the Court held a Final Pretrial Conference. (*See* Doc. 140.) At that time, the Court heard argument on the motions and took the motions under advisement. (*See* Doc. 171.) The Court now rules on each motion in turn.

**I.　　Government's Motion to Disclose Grand Jury Materials (Doc. 149)**

The government seeks to disclose Grand Jury materials—related to Defendants Brittany Fraijo and Desiree Garcia's (collectively "Defendants") indictments—pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i). (Doc. 149.)

A court may authorize such disclosure preliminary to or in connection with a judicial proceeding. Fed. R. Crim. P. 6(e)(3)(E)(i). However, the rule "require[s] a strong showing of particularized need" prior to disclosure. *United States v. Sells Eng'r, Inc.*, 463 U.S. 418, 443 (1983). Disclosure is limited to "cases where the need for it outweighs the public interests in secrecy, and that the burden of demonstrating this balance rests upon the ...

party seeking disclosure." *Id.* (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222–23 (1979), and extending standard to requests by the government).

At the Final Pretrial Conference, the Court clarified the scope of the government's request. The government indicated disclosure would be limited to the Grand Jury "indictment presentation" transcript and disclosure would satisfy the government's obligations. Because the government has demonstrated a particularized need for disclosure which would outweigh the need for secrecy, the Motion to Disclose Grand Jury Material (Doc. 149) is **GRANTED**.

**II.    Government's Motion for Protective Order (Doc. 144)**

Rule 16 requires the government, upon defense request, to disclose "any relevant written or recorded statement by the defendant" if the statement is within the government's possession, custody, or control and the government knows, or could reasonably learn, that the statement exists. Fed. R. Crim. P. 16(a)(1)(B)(i). Additionally, upon a defendant's request, the government must make available for inspection and copying any documents or photographs that the Government intends to offer in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(E). Rule 16(d)(1) provides that a "court may, for good cause, deny, restrict, or defer discovery or inspection," of certain material.

The government seeks a protective order for the disclosure related to Defendant Brittany Fraijo's ("Fraijo") cell phone. Specifically, the government explains that the cellphone metadata is voluminous making redaction impractical. (Doc. 144 at 1.) As such, a protective order will safeguard identified personal information and expedite the discovery process. (*Id.* at 2.) Upon review, the Court finds good cause exists to protect any identified personal information contained within the cell phone meta data and to assist the flow of discovery. The Motion for Protective Order (Doc. 149) is **GRANTED**.

…

### III. ORDER

Accordingly,

**IT IS ORDERED GRANTING** the government's Motion to Disclose Grand Jury Material (Doc. 149). The government is ordered to disclose the transcript of the Grand Jury "indictment presentation" to defense counsel. It is ordered that defense counsel may not duplicate or otherwise disseminate the Grand Jury material produced.

**IT IS ORDERED GRANTING** the government's Motion for Protective Order, filed pursuant to Fed. R. Crim. P. 16. (Doc. 144).

**IT IS FURTHER ORDERED:**

- Defense counsel (including investigators, paralegals and office staff) receiving the disclosure containing the aforementioned information shall not provide, reproduce or distribute in hard copy or electronic form any personal information contained within that data without further order of the Court. The defendant shall not provide, reproduce or distribute in hard copy or electronic form any personal information contained in the disclosure. This Order shall not prevent defense counsel from otherwise showing or discussing with his/her client evidence contained within that discovery under the supervision of defense counsel or his/her agents.
- Defense counsel may provide the discovery for the use of his/her investigator (who consents to the jurisdiction and Order of this Court), but that such investigator shall not further copy said discovery without further order of the Court.
- Defense counsel may provide the discovery for the use of his/her paralegal (who consents to the jurisdiction and Order of this Court), but that such paralegal shall not further copy said discovery without further order of the Court.
- Defense counsel may provide the discovery for the use of any expert (who consents to the jurisdiction and Order of this Court), but that such expert shall not further copy said discovery without further order of the Court.

---

**IT IS FURTHER ORDERED** that with respect to the discovery covered by this protective order, that this discovery is for the use in the defense in this criminal case only and that the disclosure shall be returned to the government so that the discovery can be destroyed after the completion of the proceedings.

Dated this 4th day of April, 2022.

_____
Honorable John C. Hinderaker
United States District Judge