**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00248-001-TUC-JCH (DTF) |
| Plaintiff, | **ORDER ON GOVERNMENT'S MOTIONS: DOC. 185, DOC. 186** |
| v. | |
| Brittany Alicia Fraijo - 001<br>Desiree Destiny Acedo Garcia - 003, | |
| Defendants. | |

Trial is set to begin June 6, 2022. Pending before the Court are two motions[1] filed by the United States including: (1) Motion for a Hearing Outside the Presence of the Jury Regarding Any Invocation of Fifth Amendment Rights by Kimberly Leon (Doc. 185); and (2) Motion to Exclude Prejudicial Testimony Regarding Cartel Violence (Doc. 186). The Court now rules on each motion in turn.

**I.     Government's Motion for a Hearing (Doc. 185)**

The government requests a hearing out of the presence of the jury to determine whether, and to what extent, proposed defense witness and co-defendant Kimberly Leon ("Leon") will invoke her Fifth Amendment right against self-incrimination if called to

---

[1] In an Order dated March 24, 2022, the Court set an April 15, 2022 deadline for any motions related to: (1) the expert witnesses; (2) the government's March 23, 2022 supplemental disclosure; or (3) Defendants' stated intention to call Co-Defendant Kimberly Leon as a witness for trial. (Doc. 173 at 1.)

testify at trial. (Doc. 185.) Neither Defendant Brittany Alicia Fraijo ("Fraijo") nor Defendant Desiree Destiny Acedo Garcia ("Garcia") (collectively "Defendants") responded to or otherwise objected to the government's Motion for a Hearing. The government's request is based on Defendants' April 14, 2022 affirmation that they intend to call Leon as a witness at trial. (*Id.*) Defendants have not offered notice as to Leon's expected testimony nor has Leon been subpoenaed as a defense witness.[2] As such, it is unclear at this time whether Leon is aware of the forthcoming subpoena, whether she has secured Fifth Amendment counsel, or whether she intends to invoke her Fifth Amendment right against self-incrimination if called to testify at trial.

A defendant's right to present relevant testimony is not without limitation and "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973). When balancing the Fifth Amendment right of the witness, "the trial judge must make an appropriate inquiry into the basis of the privilege claimed by the witness, and may not permit the witness to refuse to testify where the witness has no good-faith basis for invoking the privilege." *United States v. Vavages*, 151 F.3d 1185, 1192 (9th Cir. 1998) (citation omitted). It is well established that a criminal defendant may not call a witness if that witness, whether or not a co-defendant, "will merely be invoking his Fifth Amendment right not to testify." *United States v. Klinger*, 128 F.3d 705, 709 (9th Cir. 1997).

The Court will grant the government's Motion for a Hearing. A Final Pretrial Conference is scheduled for June 1, 2022, at 1:30 PM. At that time, the Court will hold a concurrent hearing to determine whether Leon has a good-faith basis for invoking her privilege to not testify.

**II.    Government's Motion to Exclude (Doc. 185)**

The government next requests an order precluding "irrelevant and inflammatory testimony regarding hangings and decapitations or other similar details of cartel violence

---

[2] On March 24, 2022, Defendants indicated to the Court a desire to subpoena and call Leon at trial. (*See* Doc. 172.) At that time, Defendants had not listed Leon as a potential defense witness. (Doc. 153.) On May 6, 2022, Defendants filed a Motion which requested the U.S. Marshals serve the trial subpoena on Leon. (Doc. 190.)

- 2 -

in Mexico through any witness, including noticed defense expert Dr. Peter Chalk." (Doc. 186.) Specifically, the government argues that such details are more prejudicial than probative under Rule 403 and will needlessly confuse the jury because there is no evidence that, at the time of the offense, "defendants were aware of any public hangings or decapitations in Mexico, or that the man in Mexico who allegedly threatened them was connected in any way with the described deaths." (*Id.* at 2.) In response, Defendants indicate that the details are relevant to the well-grounded fear prong of duress,[3] and that the evidence will show that Defendants were "aware of the Mexican drug cartel's reputation for violence, including hundreds of thousands of murders committed to further [the cartel's] business interest." (Doc. 187).

Here, the Defendants' Rule 16 Notice indicates that defense expert Dr. Peter Chalk will speak on violence in Mexico by drug cartels including his opinion that, "cartels often make sure the murders are highly publicized by hanging bodies in public areas [and] dumping decapitated heads in public to spread fear." Further, Dr. Chalk's anticipated testimony will also note, "it is very rare for Mexican cartel members to engage in violence in [the] United States; instead they use their U.S. gangs … in any violence or revenge against anyone who has betrayed them."

The Court will defer ruling on this Motion. The government may still challenge— and the Court will consider—the admissibility of each piece of evidence Defendants seeks to introduce at trial. The Court will discuss this matter further with the parties at the Final Pretrial Conference and provide additional guidance at that time.

...

---

[3] A defendant may not present a duress defense to the jury, or receive a jury instruction on duress, unless the defendant makes a prima facie showing of duress in a pre-trial offer of proof. *United States v. Ibarra-Pino*, 657 F.3d 1000, 1004 (9th Cir. 2011). "[T]o make a prima facie showing for a duress defense or a jury instruction, a defendant must establish: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm." *Id.* (internal quotation marks and citation omitted).

### III.   ORDER

**IT IS ORDERED GRANTING** the government's Motion for a Hearing Outside the Presence of the Jury Regarding Any Invocation of Fifth Amendment Rights by Kimberly Leon (Doc. 185). During the Final Pretrial Conference scheduled on June 1, 2022, at 1:30 PM, the Court will hold a hearing to determine whether Leon has a good-faith basis for invoking her privilege to not testify.

**IT IS FURTHER ORDERED DEFERING** a decision on the government's Motion to Exclude Prejudicial Testimony Regarding Cartel Violence (Doc. 186).

Dated this 10th day of May, 2022.

_____
Honorable John C. Hinderaker
United States District Judge